Slip Op. 19-11

U.S. STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| FORMER EMPLOYEES OF HONEYWELL INTERNATIONAL, INC., <br><br>           Plaintiffs, <br><br>           v. <br><br>UNITED STATES SECRETARY OF LABOR, <br><br>           Defendant. | Before: Leo M. Gordon, Judge <br><br> Court No. 17-00279 |

**OPINION and ORDER**

[Labor's Remand Results and negative determination regarding Plaintiffs' eligibility for benefits remanded.]

Dated: January 23, 2019

Steven D. Schwinn, Professor of Law, The John Marshall Law School, of Chicago, Illinois, for Plaintiffs Former Employees of Honeywell International, Inc.

Ashley Akers, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for Defendant United States. With her on the brief were Joseph Hunt, Assistant Attorney General, Jeanne E. Davidson, Director, and Claudia Burke, Assistant Director. Of counsel was Tecla A. Murphy, Attorney Advisor, Employment and Training Legal Services, Office of the Solicitor, U.S. Department of Labor, of Washington, DC.

Gordon, Judge:   This action involves the final negative determination of the U.S. Department of Labor ("Labor") denying the eligibility of certain Former Employees of Honeywell International, Inc. ("Plaintiffs") for benefits under the Trade Adjustment Assistance ("TAA") program as provided under Section 222 of the Trade Act of 1974,

as amended by the Trade Act of 2002, 19 U.S.C. § 2271 et seq. (2012).[1] Before the court is Labor's Notice of Negative Determination on Remand that reaffirmed Labor's initial negative determination in this matter. See Order Granting Unopposed Motion to Remand, ECF No. 10; Notice of Negative Determination on Remand, ECF No. 13 ("Remand Results"). Plaintiffs, through their representative, Ms. Nancy Cenci, challenge the Remand Results and request another remand to Labor for further explanation and reconsideration. See Pls.' Cmts. Indicating Dissatisfaction with the Dept's Remand Results, ECF No. 21 ("Pls.' Cmts."); see also Def.'s Resp. to Pls.' Cmts. on Labor's Remand Redetermination, ECF No. 24 ("Def.'s Resp."); Pls.' Reply to Def.'s Resp. to Pls.' Cmts. on Labor's Remand Redetermination, ECF No. 25 ("Pls.' Reply"). The court has jurisdiction pursuant to 28 U.S.C. § 1581(d)(1) (2012) and 19 U.S.C. § 2395(a).

## I.　　Background

On April 14, 2017, a representative of the New York State Department of Labor filed a Petition for TAA on behalf of displaced workers from Honeywell International, Inc., including Ms. Cenci. See Petition, CD[2] 1. Labor conducted an investigation and issued a Negative Determination Regarding Eligibility to Apply for Worker Adjustment Assistance on July 3, 2017. See Initial Investigative Report, CD 15; Initial Negative Determination, CD 16. In reaching its determination, Labor explained that the "first criterion" for TAA eligibility pursuant to 19 U.S.C. § 2272(a)(1) "requires that a significant number or

---

[1] Further citations to the Trade Act of 1974, as amended by the Trade Act of 2002, are to the relevant provisions of Title 19 of the U.S. Code, 2012 edition.

[2] "CD" refers to a document contained in the confidential administrative record, which is found in ECF No. 15, unless otherwise noted.

proportion of the workers in the workers' firm must have become totally or partially separated or be threatened with total or partial separation." See Initial Negative Determination, CD 16.

Labor reviewed the information on the record from its investigation and concluded:

> With respect to Section 222(a) and Section 222(b) of the Act, the investigation revealed that Criterion (1) has not been met because a significant number or proportion of the workers in Honeywell-Procurement have not become totally or partially separated, nor are they threatened to become totally or partially separated. 29 CFR 90 states "Significant number or proportion of the workers means . . . At least three workers in a firm (or appropriate subdivision thereof) with a work force fewer than 50 workers." Fewer than three workers of Honeywell-Procurement[3] was totally or partially separated or threatened to become totally or partially separated.

Initial Negative Determination, CD 16. On August 8, 2017, Ms. Cenci, acting pro se, submitted a request for administrative reconsideration stating that Labor's determination that "fewer than three workers of Honeywell Procurement w[ere] totally or partially separated" was inaccurate. See Letter Requesting Reconsideration, CD 19. Ms. Cenci explained that two other employees were "let go in December 2015." Id. On October 17, 2017, Labor issued a negative determination on the request for reconsideration after concluding that Ms. Cenci failed to supply facts not previously considered or provide additional documentation revealing there was either a mistake in the factual determination

---

[3] Labor identified "Honeywell International, Inc., Home and Building Technology Division, Honeywell Security and Fire Group, Integrated Supply Chain Unit, Procurement Function" ("Honeywell-Procurement") as the "appropriate subdivision" for purposes of its investigation into Plaintiffs' TAA eligibility. Plaintiffs' challenge to the reasonableness of Labor's selection of Honeywell-Procurement as the "appropriate subdivision" as defined under the statute and Labor's implementing regulation is discussed infra.

or a misinterpretation of the law. See Reconsideration Investigative Report, CD 20; Notice of Negative Determination Regarding Application for Reconsideration, CD 21. Ms. Cenci then brought suit challenging Labor's determination.

Subsequently, the court granted Labor's Unopposed Motion to remand this action for further investigation. See Order Granting Unopposed Motion for Remand, ECF No. 10 (Feb. 22, 2018). Labor's investigation on remand established that in 2015 there were "5 Procurement employees in Melville, NY; 1 Manager and 4 Employees." See Email from Bob Walker, Senior Human Resources Manager, Honeywell, addressed to Jacquelyn Mendelsohn, Program Analyst, USDOL/OTAA (Apr. 11, 2018), CD 37. As a result of the December 2015 termination of employment for two employees, "[i]n 2016 there were 3 Procurement employees in Melville, NY; 1 Manager and 2 employees." Id. By March 2017, only the manager remained employed at Honeywell-Procurement in Melville as Ms. Cenci and the other remaining employee were also let go. Id. The April 11th email provided additional detail and corroboration for the information contained in the initial petition for TAA which stated, "[i]n 2003, the Honeywell location in Melville employed 25 people in the Sourcing Department. By 2007 and 2008, Honeywell started terminating Buyers and Expediters and outsourcing these positions to Mexico. By 2009, the Sourcing Department in Melville had shrunk to 10 people, and by June of 2016, the entire department was terminated and outsourced to Mexico." See Petition, CD 1. Labor ultimately denied certification again on remand, reaffirming its original conclusion that Plaintiffs were not eligible for TAA under the relevant sections of 19 U.S.C. § 2272 because "a significant number or proportion of the workers of Honeywell-Procurement

did not become totally or partially separated, nor were a significant number or proportion of such workers threatened to become totally or partially separated" within the one year time period prior to the submission of the petition. See Remand Results at 5–9; see also Remand Investigative Report, CD 43.

## II.     Standard of Review

The court upholds Labor's denial of trade adjustment assistance unless it is unsupported by substantial evidence on the record. 19 U.S.C. § 2395(b). This standard in essence requires the court to consider whether the agency's determination is reasonable given the administrative record as a whole. Nippon Steel Corp. v. United States, 458 F.3d 1345, 1351 (Fed. Cir. 2006). On legal issues the court upholds the agency's determination if it is "in accordance with law." See Lady Kim T. Inc. v. United States Sec'y of Agric., 30 CIT 1948, 1948, 469 F. Supp. 2d 1262, 1263 (2006) (citing Former Employees of Elec. Data Sys. Corp. v. U.S. Sec'y of Labor, 28 CIT 2074, 350 F. Supp. 2d 1282, 1286 (2004)).

## III.     Discussion

The statute provides that Plaintiffs' eligibility for TAA requires Labor to find that "a significant number or proportion of the workers in such workers' firm have become totally or partially separated, or are threatened to become totally or partially separated." 19 U.S.C. § 2272(a)(1); see also 19 U.S.C. § 2272(b)(1) (same). The term "firm" is defined in the statute to mean either an entire firm or "an appropriate subdivision thereof," but other key terms (i.e., "appropriate subdivision" and "significant number or proportion of the workers") lack statutory definitions. See 19 U.S.C. § 2319. Labor has a regulation,

29 C.F.R. § 90.2, that provides definitions for these terms that are undefined in the statute. The negative eligibility determination at issue hinges on Labor's finding that "a significant number or proportion of the workers of Honeywell-Procurement did not become totally or partially separated, nor were a significant number or proportion of such workers threatened to become totally or partially separated as defined under 29 CFR 90.2." See Remand Results at 8. Plaintiffs present various arguments challenging different aspects of Labor's decision, but Plaintiffs' fundamental contention is that Labor acted unreasonably in finding that a "significant number or proportion" of workers were not separated from Honeywell-Procurement. See generally Pls.' Cmts.

29 C.F.R. § 90.2 defines "significant number or proportion of the workers" as follows:

> (a) In most cases the total or partial separations, or both, in a **firm** or **appropriate subdivision** thereof, are the equivalent to a total unemployment of five percent (5 percent) of the workers or 50 workers, whichever is less; or
> (b) At least three workers in a **firm** (or **appropriate subdivision** thereof) with a work force of fewer than 50 workers would ordinarily have to be affected.

29 C.F.R. § 90.2. Labor cited this regulatory definition as the basis for its determination that Plaintiffs are not eligible for TAA. See Remand Results at 2 ("Looking at the one year period prior to the petition date, only two workers from Honeywell-Procurement were separated from employment. For purposes of TAA, 29 CFR 90.2, defines 'significant number or proportion of the workers', which … is 'ordinarily' '[a]t least three workers'…."). Curiously, despite acknowledging that the regulation only provides that three workers must "ordinarily" be separated from a firm or subdivision to support a finding that a

"significant number or proportion of workers" were separated, Labor failed to consider whether Plaintiffs' situation was "extraordinary" (for purposes of determining a "significant number or proportion of workers") given that Honeywell-Procurement was comprised of only three employees during the relevant time period. See Remand Results at 8–9 (emphasis added).

The parties' briefing focuses on the reasonableness of Labor's selection of Honeywell-Procurement as the "appropriate subdivision" for analyzing Plaintiffs' eligibility for TAA. See Pls.' Cmts. at 4–11; Def.'s Resp. at 8–11; Pls.' Reply at 2–9. Labor's regulation defines the term "appropriate subdivision," but the definition provides limited guidance as to what makes a firm's subdivision the "appropriate" selection by Labor for a TAA eligibility investigation. See 29 C.F.R. § 90.2 ("Appropriate subdivision means an establishment in a multi-establishment firm which produces the domestic articles in question or a distinct part or section of an establishment (whether or not the firm has more than one establishment) where the articles are produced. The term appropriate subdivision includes auxiliary facilities operated in conjunction with (whether or not physically separate from) production facilities."). The record demonstrates that Labor sought in its investigation (throughout the initial, reconsideration, and remand phases) to identify the appropriate subdivision of Honeywell. For instance, as part of its consideration on remand Labor issued targeted inquiries to Honeywell to confirm that Honeywell-Procurement was the "appropriate subdivision." See, e.g., Emails between Labor and Honeywell, CD 35–37 (Labor inquiries to Honeywell representative regarding firm

organization and appropriate subdivision identification). Ultimately, Labor selected (and reaffirmed its selection of) Honeywell-Procurement as the "appropriate subdivision."

Plaintiffs challenge Labor's subdivision selection arguing that the use of the "Honeywell-Procurement subdivision was wholly arbitrary, and worse, the Department failed to explain it." Pls.' Cmts. at 8. Plaintiffs point to emails on the record indicating Labor's confusion in identifying the appropriate subdivision, and specifically highlight that Labor appears to have conflated, without explanation, "Honeywell-Procurement" and the broader alternative subdivision of "NPI Sourcing" or the "sourcing department." Id. Plaintiffs note that the original petition and some of Ms. Cenci's emails to Labor identify the appropriate subdivision as the "sourcing department" and identify in the record an organizational chart for the "sourcing department" indicating the employment of more than three workers. See id. at 10 (citing Email to Labor Containing Org. Chart, CD 41). The Government responds that Plaintiffs' argument is "merely one of semantics" and that there is no substantive difference between "Honeywell-Procurement" and the alternative "sourcing department" subdivision. See Def.'s Resp. at 9. Notably, however, the Government acknowledges that Labor utterly failed to explain that it found "Honeywell-Procurement" and the "sourcing department" to be interchangeable names for the selected "appropriate subdivision." Id. at 10. Nevertheless, the Government maintains that the basis for Labor's selection of "Honeywell-Procurement" as the "appropriate subdivision" was reasonably discernable from the Remand Results and supported by substantial evidence. Id. at 11.

Plaintiffs emphasize that the Trade Act of 1974 and its subsequent amendments are intended to provide an expansive TAA program that favors broad eligibility for affected workers. See Pls.' Cmts. at 6. The parties do not argue that either the statute or its legislative history provide any guidance about the meaning of the term "appropriate subdivision." Nevertheless, Plaintiffs argue that Labor should be guided by the "general remedial purpose" of the statute in selecting an "appropriate subdivision." See Pls.' Br. at 6–7 (citing Int'l Union United Automobile, Aerospace and Agriculture Implement Workers of Am., UAW v. Marshall, 584 F.2d 390, 396 (D.C. Cir. 1978)); see also Pls.' Reply at 4–7. The court agrees. Moreover, the court agrees that Labor must also interpret and apply its regulation in a manner "that best effectuates the purposes of the Trade Act in light of the circumstances of the individual case" with "reference to the general remedial purpose of the worker adjustment assistance provisions." See Int'l Union, 584 F.2d at 396–97; see also Pls.' Reply at 8–9 (arguing that Labor's determination is contrary to guidance in Int'l Union and similar precedent).

Here, Labor concluded in its investigation that Honeywell-Procurement, a subdivision of a subdivision of Honeywell International, Inc., was the "appropriate subdivision" for evaluation of Plaintiffs' eligibility for TAA even though Honeywell-Procurement consisted of only three employees during the relevant period of consideration based on the April 2017 petition. See Remand Results 1, 8–10; see also, Initial Investigative Report, CD 15 (stating that Honeywell-Procurement group is the "subject of the investigation"); Reconsideration Investigative Report, CD 20 (same); Remand Investigative Report, CD 43 (same). With Honeywell-Procurement as the

appropriate subdivision (consisting of three workers), Labor denied Plaintiffs' application because only two workers were separated in the applicable time period. See Remand Results at 8–9. The court understands that, under its regulation, Labor "ordinarily" looks for at least three workers to have been separated from an appropriate subdivision. See 29 C.F.R. § 90.2. The court is wondering, however, whether the selection of a three-person subdivision is really an "ordinary" situation for evaluating the separation of a "significant number or proportion of the workers" when the regulation speaks in terms of 50 persons or less. See id. Given the statute's broad remedial purpose, the court is having trouble sustaining as reasonable Labor's reliance on its three-person minimum requirement when applied to a subdivision consisting of only three employees. Accordingly, the court remands the Remand Results so that Labor may reconsider whether requiring separation of at least three workers from a subdivision consisting of only three employees is an ordinary situation that fulfills the statute's remedial purpose. Labor may revisit its determination that Honeywell-Procurement is an appropriate subdivision as well.

## IV.    Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that the Remand Results are remanded for Labor to reconsider its regulation as applied in this matter where the selected subdivision consists of only three employees, and to possibly also reconsider its determination that Honeywell-Procurement is an appropriate subdivision; it is further

**ORDERED** that Labor shall file its remand results on or before March 29, 2019; and it is further

**ORDERED** that, if applicable, the parties shall file a proposed scheduling order with page limits for comments on the remand results no later than seven days after Labor files its remand results with the court.

                                                                                                    /s/ Leo M. Gordon
                                                                                                    Judge Leo M. Gordon

Dated: January 23, 2019
        New York, New York